**Don SCHAUTTEET**

v.

**CHESTER STATE BANK, J.W. Wilson, Richard Deffe, Bower Poole, Meyers Pace, J. Robert Barnes.**

Civ. A. No. B-86-1259-CA.

United States District Court, E.D. Texas, Beaumont Division.

Nov. 17, 1988.

B.J. Walter, Lackshin & Nathan (F.D.I. C.), Houston, Tex., for plaintiff.

Daniel V. Flatten, Mehaffy, Weber, Keith & Gonsoulin, Beaumont, Tex., Patrick C. Guillot, Kay Foster, Maxwell, Godwin & Carlton (Mann Trust), Dallas, Tex., for defendants.

## MEMORANDUM

COBB, District Judge.

The issue before the court is whether intervenor, Mann Trust, has stated a non-derivative claim for which relief may properly be granted. Put another way, does Texas law give Mann Trust, as a minority shareholder in Chester State Bank, a direct cause of action against each defendant?

## BACKGROUND

On November 22, 1985, the Chester State Bank failed, and the F.D.I.C., as receiver (F.D.I.C., Receiver) took control of all the bank's assets. Thereafter, F.D.I.C., Receiver, sold most of the bank's assets to Eastex Bank, which is not involved in this action. F.D.I.C., Receiver, sold the remaining assets to F.D.I.C. in its corporate capacity (F.D.I.C. Corp.). The net result of the F.D.I.C. Receiver/F.D.I.C. Corp. agreement is that F.D.I.C. Corp. is vested with the authority to manage the assets of Chester State Bank, including any and all causes of action which may have accrued for the benefit of the Chester State Bank prior to insolvency.

On December 16, 1985, Don Schautteet sued the officers, directors and majority shareholders of Chester State Bancshares, and F.D.I.C. Corp. removed the action to this court. After removal, the Mann Trust intervened, apparently asserting both direct and derivative claims against all defendants now before the court.

All parties agree that F.D.I.C. Corp. is vested with the right to prosecute the derivative claims; i.e., claims which belong to the bank and which shareholders may, under certain conditions, prosecute themselves for the benefit of the bank. The question remains whether Mann Trust has pleaded direct causes of action against each defendant; i.e., actions which belong exclusively to Mann Trust as a minority shareholder in the Chester State Bank. For the reasons set forth below, the court dismisses Mann Trust's complaint.

I.

■ Under Texas law, a minority shareholder may maintain a direct action against a corporation, its officers and directors or majority shareholders to the extent that he can show that (1) he is owed a direct duty as an individual, (2) the duty running to the individual shareholder has been violated and, (3) the violation proximately results in his damage. *Empire Life Insurance Co. of America v. Valdak Corp.*, 468 F.2d 330, 335 (5th Cir.1972). In *Empire*, the court held that the defendant pleaded a valid counterclaim as a pledgor of stock. The court reasoned that the status of pledgor and stockholder were distinct roles, thus enabling the pledgor to assert an individual right as pledgor against plaintiff, despite the fact that he otherwise would have lacked standing to assert his claim as a stockholder. His claim, as a stockholder, for diminution in stock value was considered derivative; i.e., the right to remedy the decline in value belonged to the corporation. Significantly, the court's determination of whether the defendant's counterclaim was derivative or non-derivative did not focus on the injury to the counterclaiming defendant. Rather, the court focused on the *rights* involved, and properly concluded that the *right* to recover for a reduction in stock value, as stockholder, lay with the corporation, not each individual shareholder. In contrast, the *right* to recover for a reduction in stock value as a pledgor, in law, properly lay with the pledgor.

■ Thus, when Mann Trust states that Texas law allows a stockholder to maintain a direct, individual or non-derivative action for diminution in stock value, it misstates the law. Though some courts have focused on the nature of the injury to determine whether an action is derivative or not, *see* 9 J.Corp.L. 147, 154–157 (1984), the proper analytical approach, as demonstrated in *Empire*, is to focus on the individual rights of the shareholders. For example, the counterclaiming defendant in *Empire*, stated a cause of action as pledgor because his right as pledgor belonged to him individually; it was not a right of the corporation; nor did he state a claim merely because he suffered diminution in stock value. As stated in *Schoellkopf v. Pledger*, 739 S.W. 2d 914 (Tex.App.—Dallas 1987, no writ):

> It is not personal injury which gives rise to a personal cause of action by the stockholder, for an injurious wrong to the corporation per force injures its stockholders. Rather, it is the nature of the wrong [i.e., the right violated] ... which determines who may sue.[1]

Therefore, the question of whether or not Mann Trust's action is derivative of the corporation's rights, hinges on duty and right: to whom is the duty owed: and who has the right to enforce it.

## II.

■ The array of rights possessed by any particular shareholder may well vary from one corporation to the next, because shareholder rights may spring from many sources: (1) the corporation's organic documents, (2) agreements between shareholders or between the corporation and shareholders, (3) statutory corporation law, and (4) decisional law governing the operation of corporations.

In this case, Mann Trust relies entirely on decisional law, arguing that defendants are liable to it individually for breach of fiduciary duty, negligence, fraud, and for wrongfully selling a controlling interest in Chester State Bank.

## A. FIDUCIARY DUTIES

■ Officers and directors owe fiduciary duties only to the corporation. *Gearhert Industries, Inc. v. Smith Intern, Inc.*, 741 F.2d 707, 721 (5th Cir.1984). *See also, Johnson v. American General Insurance Co.*, 296 F.Supp. 802, 809 (D.D.C.1969). Therefore, Mann Trust has no individual fiduciary right to enforce against any officer or director of Chester State Bank. Thus, the viability of Mann Trust's fiduciary claim turns on the extent of the fiduciary duties a majority stockholder owes to a minority holder. Under Texas decisional law, a minority shareholder has a direct action against a majority shareholder for malicious suppression of dividends, *Patton v. Nicholas*, 154 Tex. 385, 279 S.W.2d 848 (1955); *Morrison v. St. Anthony Hotel*, 295 S.W.2d 246 (Tex.Civ.App.—San Antonio 1956, writ ref'd n.r.e.) (minority stockholder may sue majority stockholder for malicious suppression of dividends), and for wrongfully obtaining a premium for selling control of a corporation. *Thompson v. Hambrick*, 508 S.W.2d 949 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.). Mann Trust's pleadings do not set out facts alleging either a malicious suppression of dividends or the realization by any defendant of a wrongfully obtained premium for selling the control of Chester State Bank. Although the majority shareholders transferred their interest to Chester State Bancshares, they retained full stock ownership in Chester State Bancshares. Thus, in reality, control was never transferred, nor any premium realized.

---

1. The focus upon injury has been widely criticised: It is illogical for a court to begin its analysis of whether an action is derivative or individual with any discussion of injury. Since shareholder injury exists only to the extent the law recognizes it, and inasmuch as the corporation fiction has been interposed only by legal convention between the shareholder and the rest of the world, it begs the question of wheth-

er the shareholder's actions should be derivative or individual to begin by examining an alleged financial loss, or other kind of injury allegedly suffered by shareholder, either as a shareholder or as an individual. Rather, that inquiry must begin with a legal analysis of the nature of the rights of that shareholder.... Other inquiries about injury are red herrings. 9 J.Corp.L. 147, 156, 161 (1984).

■ Texas courts have properly limited the scope of majority fiduciary duties, because most abuses of majority control constitute breaches of the fiduciary duties the majority owes to the corporation, just as officers and directors owe fiduciary duties solely to the corporation. For example, in Mann Trust's second amended complaint at page 4, Section V, paragraph B and D, it is alleged that:

The defendants violated these fiduciaries by ... using, authorizing the use of, or assisting the majority shareholders in securing *the use of corporate assets for the exclusive benefit of the majority shareholders.* (Emphasis added); ....
(d) engaging in or authorizing self dealing on the parts of the controlling shareholders *would serve no legitimate business purpose of the bank* (emphasis added) ...

Such allegations, if taken as true, constitute breaches of the fiduciary duties which the officers, directors and majority shareholders owe to the corporation itself. Whether the minority is damaged by such breaches is quite irrelevant for the minority shall recover any decline in value in their stock to the extent the corporation recovers. Of course, so may the majority as stockholders. However, the court is vested with the authority to prevent the majority from reaping any of the benefit of a judgment on behalf of the corporation. For example, if the majority is cast in judgment against F.D.I.C. Corp., the court may order the majority to transfer their ownership in their stockshares either back to the bank, or the minority group. Thus, in Section 5, subparagraphs b and d of Mann Trust's second amended complaint, Mann Trust fails to state a cause of action in its own right.

As for Section 5, subparagraphs a and c, Mann Trust also fails to state a cause of action.

■ Subparagraph a alleges defendants violated their fiduciary duty by "engaging in a pattern of conduct designed to dilute and ultimately eliminate the Mann Trust's interest in the bank." Such allegation of dilution is merely another way of stating

that the value of the minority's shares declined. This allegation alone does not state a cause of action. *See,* for example, *Crocker v. Federal Deposit Insurance Corp.,* 826 F.2d 347 (5th Cir.1987).

■ Subparagraph c alleges defendants breached their fiduciary duty by "engaging in transactions, authorizing transactions, or assisting in transactions which created a conflict of interest between the majority shareholders and the minority shareholder."

Mann Trust can cite no authority which recognizes such complaint as a viable cause of action. Moreover, such complaint begs the question of duty. The question is whether the majority owed an independent duty to the minority. Without a specific duty existing and being owed to the minority by the majority, any conflict of interest between the two is quite irrelevant.

Mann Trust has not stated a cause of action under Section 5 of its second amended complaint, labeled Fiduciary Duties.

## B. NEGLIGENCE

■ In Section VI of its complaint, Mann Trust contends the defendants were negligent, and grossly negligent in discharging their fiduciary duties which they allegedly owed to the minority. Thus, Mann Trust's negligence claim is dependent upon the extent of the defendant's fiduciary duty to the minority. The court has held that no such duty exists as alleged. Therefore, no negligence action has been properly stated.

■ Apparently, the negligence count also complains of the defendants' negligence in managing the Chester State Bank. A minority shareholder cannot in his own right properly sue the majority or the corporate officers and directors for mismanagement. Such cause of action belongs to the corporation.

■ As for the damage caused by negligence, Mann Trust contends that the value of its other bank holdings suffered because of the decline of the Chester State Bank:

The Mann Trust owns a substantial interest in several East Texas banks, includ-

ing a controlling interest in the Citizens State Bank in Woodville, Texas. As a result of defendants' negligence discharging the fiduciary duties owed the Mann Trust and the subsequent failure of Chester State Bank, the Citizens State Bank lost the accounts of customers who had knowledge of the Mann Trusts' ownership in the Chester State Bank. Furthermore, the Mann Trusts' reputation in the community as a competent banking entity has been damaged as a result of the Chester State Bank failure, which was caused by defendants' negligence.

Such damage is too remote and speculative to be recoverable. It is not proximate as a matter of law. *See,* for example, *Crocker v. Federal Deposit Insurance Corp.,* 826 F.2d 347 (5th Cir.1987).

Any other damage, for example, the loss of investment, shall be remedied to the extent the corporation recovers from the defendant. Thus, such right properly lies with the corporation.

### C. FRAUD

■ The fraud count alleges that the defendants' fraudulent acts denied Mann Trust an opportunity to pursue legal remedies *sooner,* whereby it could have prevented injury to its other banks, its reputation and value of the stock. Such damage is either too speculative to recover as a matter of law, *see, Crocker, supra,* or fully recoverable to the extent the corporation recovers, i.e., the right to reinvigorate the value of the stock lies with the corporation absent a showing of any other independent right owing to the minority shareholder.

### D. WRONGFUL SALE OF CONTROLLING INTEREST

Schautteet and McClanahan transferred their 93 per cent ownership in Chester State Bank to Chester State Bancshares. Schautteet and McClanahan owned a hundred per cent of Chester State Bancshares. Chester State Bancshares' only asset as alleged was 93 per cent of Chester State Bank stock. In effect, the control stayed with Schautteet and McClanahan. Thus,

no real consequence flowed from the transfer. To the extent that the transfer precipitated the looting of Chester State Bank for Schautteet and McClanahan's own personal use, Schautteet or McClanahan or Chester State Bancshares breached their fiduciary duty to Chester State Bank by looting it. Again, Mann Trust in fact merely states a cause of action which belongs rightly to Chester State Bank, not the Mann Trust.

### III.

### CONCLUSION

■ Though artfully drafted, Mann Trust's complaint makes out only a derivative claim. F.D.I.C. Corp. is vested with full authority to assert the derivative claims. Taking Mann Trust's pleadings as true, the Mann Trust may well have sustained monetary damages indirectly. However, should the corporation recover, so shall Mann Trust. To the extent the alleged wrongdoers would benefit from any judgment which the corporation recovers, the court has the authority to fashion relief so that only the corporation minority shareholders benefit. *See,* for example, *Johnson v. American General Insurance Co.,* 296 F.Supp. 802, 809 (D. D.C.1969) ("Where a suit is logically derivative in nature, but, for instance, the overwhelming majority of the stockholders have also breached a duty, perhaps in one of their dual capacities as directors and stockholders, courts have fashioned corporate relief which benefits only the minority, personally.").

For the foregoing reasons, the court believes that the F.D.I.C. Corp. has shown that no relief can be granted under any set of facts that can be proven under the complaint submitted by Mann Trust. *See, Conley v. Gibson,* 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

It is hereby ORDERED, ADJUDGED and DECREED that Mann Trust's second amended complaint is hereby DISMISSED.