Carlos CERVANTES, Appellant,

v.

TYSON FOODS, INC., A Certified
Self–Insured, Appellee.

No. 08–02–00455–CV.

Court of Appeals of Texas,
El Paso.

Nov. 26, 2003.

Rehearing Overruled Feb. 4, 2004.

Constance R. Wannamaker, Texas Rural Legal Aid, Inc., El Paso, for appellant.

Darryl J. Silvera, Silvera & Associates, Dallas, for appellee.

Before Panel No. 3 BARAJAS, C.J., LARSEN, and CHEW, JJ.

## *OPINION*

DAVID WELLINGTON CHEW, Justice.

Appellant Carlos Cervantes appeals the trial court's order granting the plea to the jurisdiction filed by Appellee Tyson Foods, Inc. ("Tyson") and the dismissing of his cause with prejudice. On appeal, Mr. Cervantes brings seven issues, all of which challenge the trial court's ruling on the plea to the jurisdiction. We reverse the trial court's order and remand for further proceedings.

### PROCEDURAL AND FACTUAL BACKGROUND

Mr. Cervantes was hired by Tyson on April 9, 2001. Mr. Cervantes sustained a compensable injury to his right hand on April 16, 2001. On December 6, 2001, a benefit contested case hearing was held to determine whether Mr. Cervantes suffered a disability as a result of his injury. On December 17, 2001, Mr. Cervantes received the hearing officer's decision which found that Mr. Cervantes did not have a disability. Mr. Cervantes filed his appeal of the contested case hearing decision on January 14, 2002.

On February 22, 2002, the TWCC Appeals Panel No. 492 issued a decision in which it stated Mr. Cervantes did not file his appeal timely. Specifically, the Appeals Panel found that "[t]he appeal being untimely, the jurisdiction of the Appeals Panel was not properly invoked and the decision and order of the hearing officer have become final under Section 410.169" of the Texas Labor Code. On March 29, 2002, Mr. Cervantes filed an original petition with the district court for judicial review of the TWCC Appeals Panel's decision to dismiss his appeal. In his petition, Mr. Cervantes alleged that he had exhausted his administrative remedies under the Texas Workers' Compensation Act and was aggrieved by the Appeals Panel decision which declined to assert jurisdiction over his appeal. Mr. Cervantes sought to show that the Appeals Panel had erred in its determination because he had made diligent efforts to file his appeal before the deadline, but was prevented from doing so by TWCC staff negligence.

Tyson filed a plea to the jurisdiction on May 6, 2002 arguing that under Texas Labor Code Section 410.169, the benefit contested case hearing decision became final and binding when it was not timely appealed. After a hearing on July 23, 2002, the trial court granted Tyson's plea to the jurisdiction without stating the basis for its ruling. Mr. Cervantes' motion for new hearing was overruled by operation of law. Mr. Cervantes now brings this appeal.

## DISCUSSION

### Plea to the Jurisdiction

Through seven issues, Mr. Cervantes challenges the trial court's granting of Tyson's plea to the jurisdiction and dismissal of his cause with prejudice.

### Standard and Scope of Review

A plea to the jurisdiction is a dilatory plea, the purpose of which is to defeat a cause of action without regard to whether the claims asserted have merit. *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex.2000). Through the plea, a party challenges the trial court's authority to determine the subject matter of the pleaded cause of action. *City of Midland v. Sullivan*, 33 S.W.3d 1, 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). The plaintiff has the burden to allege facts affirmatively showing the trial court has subject-matter jurisdiction to hear the cause. *Texas Ass'n of Business v. Texas Air Control Bd.*, 852 S.W.2d 440, 446 (Tex.1993); *Sullivan*, 33 S.W.3d at 6. Whether the trial court properly granted the plea to the jurisdiction is a pure question of law which we examine under a *de novo* standard of review. *Mayhew v. Town of Sunnyvale*, 964 S.W.2d 922, 928 (Tex.1998); *Sullivan*, 33 S.W.3d at 6.

The purpose of the plea is not to force a plaintiff to preview his case on the merits, but rather to establish a reason why the merits of the plaintiff's claims should never be reached. *Blue*, 34 S.W.3d at 554. The plaintiff's jurisdictional pleadings are to be construed liberally in the plaintiff's favor and look to the pleader's intent. *See Texas Ass'n of Business*, 852 S.W.2d at 446. A court deciding a plea to the jurisdiction, however, is not required to look solely to the pleadings, but may consider evidence and must do so when necessary to resolve the jurisdictional issues raised. *Blue*, 34 S.W.3d at 555; *see County of Cameron v. Brown*, 80 S.W.3d 549, 555 (Tex.2002). The court should confine itself to the evidence relevant to the jurisdictional issue. *Blue*, 34 S.W.3d at 555. When a plaintiff fails to plead facts that establish jurisdiction, but the petition does not affirmatively demonstrate incura-

ble defects in jurisdiction, the plaintiff should be afforded the opportunity to amend. *Brown,* 80 S.W.3d at 555. However, if the pleadings affirmatively negate the existence of jurisdiction, then the plea to the jurisdiction may be granted without allowing the plaintiff an opportunity to amend. *Brown,* 80 S.W.3d at 555. If the court does not have jurisdiction over the subject matter of the suit, it must dismiss the case without prejudice. *See Bell v. State Dept. of Highways & Public Transp.,* 945 S.W.2d 292, 295 (Tex.App–Houston [1st Dist.] 1997, writ denied).

### Subject–Matter Jurisdiction

▮ In his first issue, Mr. Cervantes contends the trial court improperly decided the plea to the jurisdiction on the merits of his claims, rather than on the issue of subject-matter jurisdiction in the district court. In this case, Mr. Cervantes asserts the merits of his claim involve the jurisdiction of the Appeals Panel to consider his administrative appeal. He argues that since he timely filed his appeal to the district court and his pleadings comply with the statutory requirements for judicial review of a final decision of the TWCC Appeals Panel as set out in Texas Labor Code Sections 410.251 and 410.252, the district court had no need to look any further than his pleadings to rule on the issue of jurisdiction. Therefore, the only issue in the plea to the jurisdiction is whether Mr. Cervantes properly invoked the jurisdiction of the trial court.

In response, Tyson argued in its plea to the jurisdiction and now on appeal that the district court did not have subject-matter jurisdiction because under Texas Labor Code Section 410.169, the decision of the benefit contested case hearing officer becomes final and binding if not timely appealed. Since Mr. Cervantes received the hearing officer's decision on December 17, 2001 and did not file an appeal with the Appeals Panel until January 14 or 15, 2002, under Texas Labor Code Section 410.202 his appeal was not timely. Tyson contends the district court therefore, did not acquire subject-matter jurisdiction and the matter was properly dismissed.

We turn first to Mr. Cervantes' contention that the issue of the district court's jurisdiction is determined solely by reviewing the pleadings for compliance with Texas Labor Code Sections 410.251 and 410.252. Section 410.251 provides that a party that has exhausted its administrative remedies under this subtitle and that is aggrieved by a final decision of the appeals panel may seek judicial review. *See* TEX. LAB.CODE ANN. § 410.251 (Vernon 1996). Under Section 410.252, a party may seek judicial review by filing suit not later than the fortieth day after the date on which the decision of the appeals panel was filed with the division.[1] *See* TEX.LAB.CODE ANN. § 410.252(a)(Vernon Supp.2004). In a recent opinion, the Corpus Christi court of appeals determined that compliance with the filing requirements under Section 410.252(a) is mandatory and jurisdictional. *LeBlanc v. Everest Nat'l Ins. Co.,* 98 S.W.3d 786, 787–88 (Tex.App.-Corpus Christi 2003, no pet.); *but see Texas Dept. of Transp. v. Beckner,* 74 S.W.3d 98, 103 (Tex.App.-Waco 2002, no pet.)(the forty-day filing period is a limitations period, not a jurisdictional requirement). Failure to comply with the statutory requirements, therefore would deprive the trial court of jurisdiction to review the Appeals Panel decision. Here, the parties do not dispute that Mr. Cervantes complied with the jurisdictional statutory requirements necessary to invoke the district court's jurisdic-

---

1. In its plea, Tyson did not challenge Mr. Cervantes' compliance with statutory provisions governing the applicable filing period for judicial review in this case.

tion under Section 410.252. Taking the steps necessary to invoke the trial court's jurisdiction, however, does not necessarily end the court's inquiry into whether it has authority to determine the subject matter of the cause of action.

■ Subject-matter jurisdiction exists when the nature of the case falls within the general category of cases the court is empowered, under applicable statutory and constitutional provisions, to adjudicate. *McGuire v. McGuire*, 18 S.W.3d 801, 804 (Tex.App.-El Paso 2000, no pet.), *citing, Bullock v. Briggs*, 623 S.W.2d 508, 511 (Tex.App.-Austin 1981, writ ref'd n.r.e.), *cert. denied*, 457 U.S. 1135, 102 S.Ct. 2962, 73 L.Ed.2d 1352 (1982); *see also Sierra Club v. Texas Natural Resource Conservation Com'n*, 26 S.W.3d 684, 687 (Tex.App.-Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex.2002)(traditionally, subject-matter jurisdiction consists of a power, conferred by constitutional or statutory provision, to decide the kind of cause alleged in the plaintiff's petition and to award an authorized form of relief).

■ Pertinent to Tyson's plea to the jurisdiction, Mr. Cervantes alleged in his petition that he received the decision of the benefit contested hearing officer on December 17, 2001. Mr. Cervantes also alleged he filed his appeal on January 14, 2002. By its plea, Tyson sought to establish a reason why the merits of Mr. Cervantes' claims should never be reached. *See Blue*, 34 S.W.3d at 554. In deciding a plea to the jurisdiction, a court must consider evidence relevant to the jurisdictional issue when necessary to resolve the jurisdictional issues raised. *See id.* at 555. Sections 410.202(a) and (d) of the Texas Labor Code provide:

   (a) To appeal the decision of a hearing officer, a party shall file a written request for appeal with the appeals panel not later than the 15th day after the date on which the decision of the hearing officer is received from the division and shall on the same date serve a copy of the request for appeal on the other party.

. . .

   (d) Saturdays and Sundays and holidays listed in Section 662.003, Government Code, are not included in the computation of the time in which a request for an appeal under Subsection (a) or a response under Subsection (b) must be filed.

TEX.LAB.CODE ANN. § 410.202(a) and (d).

Under Texas Labor Code Section 410.169, the hearing officer's decision is final in the absence of a timely appeal. *See* TEX.LAB.CODE ANN. § 410.169.

In determining whether it had jurisdiction, that is, the authority to determine the subject matter of Mr. Cervantes' cause, the trial court clearly reviewed the statutory provisions above to determine whether the hearing officer's decision was final and binding in this case, thereby precluding its jurisdiction over the matter. Since Mr. Cervantes received the hearing officer's decision on December 17, 2001, he had fifteen days excluding Saturdays, Sundays, and holidays to file his appeal, that is, until January 9, 2002. Mr. Cervantes did not timely file his appeal to the TWCC Appeals Panel. Upon receiving Mr. Cervantes' attempted appeal and apparently without any evidence as to the alleged TWCC office errors, the Appeals Panel determined that its jurisdiction was not properly invoked and under the statute the decision of the hearing officer was final. In a case of first impression, the question raised by the instant appeal, in effect, is whether a district court can consider the same statutory provisions and evidence of late filing that were considered by the Appeals Panel in making its jurisdictional

determination, to determine whether it also lacks jurisdiction, regardless of the petitioner's compliance with the statutory requirements for obtaining judicial review of an appeals panel's final decision.[2]

Under the Workers' Compensation Act statutory scheme, the Texas Workers' Compensation Commission has sole power to award compensation benefits, subject to judicial review.[3] *In re Louisiana–Pacific Corp.*, 112 S.W.3d 185, 188 (Tex.App.-Beaumont 2003, no pet. h.). There is no inherent right to judicial review of administrative agency decisions. *Gen. Serv. Comm'n v. Little–Tex Insulation Co., Inc.*, 39 S.W.3d 591, 599 (Tex. 2001). The right of judicial review exists only when (1) a statute creates it, (2) the order adversely affects a vested property right, or (3) the order otherwise violates some constitutional right. *Id.* Judicial review is the concluding step of the Act's four-tier system for disposition of compensation issues. *In re Louisiana–Pacific Corp.*, 112 S.W.3d at 188; *see* Tex.Lab. Code Ann. §§ 410.021–410.034 (benefit review conference); Tex.Lab.Code Ann. §§ 410.104; 410.151–410.169 (arbitration or contested case hearing); Tex.Lab.Code Ann. §§ 410.201–410.208 (appeals panel review); Tex.Lab.Code Ann. §§ 410.251– 410.308 (judicial review). Each step is a prerequisite to the succeeding one. *See* Tex.Lab.Code Ann. §§ 410.024, 410.169, 410.205; *see also Ankrom v. Dallas Cowboys Football Club, Ltd.*, 900 S.W.2d 75, 78 (Tex.App.-Dallas 1995, writ denied) (Act provisions regarding successive steps in the progress and maturity of a claim are mandatory.).

Through the tiered-system, the Legislature created a right to judicial review of Appeals Panel decisions under which Texas Labor Code Section 410.251 determines a party's ability to invoke the trial court's jurisdiction. *See* Tex.Lab.Code Ann. §§ 410.251, 410.301, 410.255. A plain reading of the statute indicates only two jurisdictional requirements: a party (1) must exhaust its administrative remedies; and (2) be aggrieved by a final decision of the appeals panel. *See* Tex.Lab.Code Ann. § 410.251. In this case, Mr. Cervantes complied with statutory jurisdictional requirements to proceed to the concluding step of the Workers' Compensation disposition process. *See St. Paul Fire and Marine Insurance Co. v. Meador*, 990 S.W.2d 362, 366 (Tex.App–Fort Worth 1999, no pet.)(indicating that exhaustion of administrative remedies and following certain steps applicable under Section 410.252 are jurisdictional). By deciding its jurisdiction to consider Mr. Cervantes' appeal

**2.** On appeal, Tyson disputes Mr. Cervantes' allegation that the Appeals Panel issued a "final decision" in dismissing the appeal for lack of jurisdiction. In reviewing the issue of whether an order finding lack of jurisdiction by the Industrial Accident Board was a final appealable order under the former Workmen's Compensation Act, the Texas Supreme Court held that such an order was final and appealable when it is not based on the Board's refusal to proceed nor a case in which it reserved something for future decision. *See Employers Reinsurance Corp. v. Holt*, 410 S.W.2d 633, 636 (Tex.1967). Though decided under the former law, the Court's reasoning still holds that a final disposition of a claimant's case is a final decision for appeal purposes.

**3.** Under Texas Labor Code Section 410.301, judicial review of a final decision of the commission appeals panel regarding compensability or eligibility for or the amount of income or death benefits shall be conducted as provided by this subchapter. *See* Tex.Lab. Code Ann. § 410.301. Under Section 410.255, all other issues are governed by Subchapter G, Chapter 2001, of the Texas Government Code. *See* Tex.Lab.Code Ann. § 410.255; *see also* Tex.Lab.Code Ann. § 410.252(a); Tex. Gov't Code Ann. § 2001.176(a) and (b)(Vernon 2000).

based on the statutory provisions governing the Appeals Panel's jurisdictional determination, rather than the jurisdictional requirements imposed by Section 410.251, the district court prematurely reached the merits of Mr. Cervantes' claims.[4] Under these circumstances, the district court erred in granting Tyson's plea to the jurisdiction on the grounds asserted. Issue One is sustained. Finding Issue One dispositive, we do not reach the remaining issues raised on appeal.

For the reasons stated above, we reverse the trial court's order and remand for further proceedings.

---

4. We observe that Chapter 410 of the Texas Workers' Compensation Act does not expressly provide for a rehearing of a decision by the TWCC Appeals Panel. Rather, the Appeals Panel is only given the statutory power to revise a decision for clerical error. *See* TEX. LAB.CODE ANN. § 410.206. If, as Mr. Cervantes claims, the Appeals Panel erred in dismissing his appeal for untimeliness, the Legislature has not expressly granted the Appeals Panel the power to change or revoke its decision through a rehearing process. *See McGatlin v. Hartford Ins. Co. of Texas,* 94 S.W.3d 311, 314 (Tex.App.-Texarkana 2002, no pet.)(discussing legislative history of Appeals Panel statutory authority).