COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS

THE CITY OF EL PASO, TEXAS,     §

        Appellant,

§

v.

§

REGINA ARDITTI, IN HER CAPACITY
AS PRESIDING JUDGE AND JUDGE OF
COURT NO. FOUR OF THE
MUNICIPAL COURTS OF EL PASO,
TEXAS, MARIA RAMIREZ, IN HER
CAPACITY AS JUDGE OF COURT NO.
ONE OF THE MUNICIPAL COURTS OF
EL PASO, TEXAS, MAX MUNOZ, IN
HIS CAPACITY AS JUDGE OF COURT
NO. TWO OF THE MUNICIPAL
COURTS OF EL PASO, TEXAS, DAVID
BONILLA, IN HIS CAPACITY AS
JUDGE OF COURT NO. THREE OF THE
MUNICIPAL COURTS OF EL PASO,
TEXAS, AND DANIEL ROBLEDO, IN
HIS CAPACITY AS JUDGE OF COURT
NO. FIVE OF THE MUNICIPAL
COURTS OF EL PASO, TEXAS,

§

§

§

§

§

§

§

        Appellees.

No. 08-10-00272-CV

Appeal from the

327th District Court

of El Paso County, Texas

(TC# 2005-6410)

## O P I N I O N

Appellees served or are serving as municipal court judges for the City of El Paso, Appellant. Appellees entered orders directing that their judicial conduct and bench time not be monitored and the trial court found that the orders were not void as the City alleged. The trial court also held that Ordinance 15183, which merged the positions of the El Paso City Clerk and the El Paso Municipal Court Clerk, violated the separation-of-powers provisions of the Texas and United States' Constitutions. The City appeals both determinations. We reverse the judgment of the trial court and render the judgment that should have been rendered.

## BACKGROUND

In 2002, the City of El Paso enacted Ordinance 15183, which merged the positions of City Clerk and Municipal Court Clerk into the newly-created position of Municipal Clerk. Prior to the merger of these positions, the Municipal Court Clerk was tasked with tracking and recording the "bench time" of municipal court judges for the purposes of planning and analyzing judicial case load.

Richarda Momsen, who had served as the Municipal Court Clerk for approximately ten years, was appointed to serve as Municipal Clerk when Ordinance 15183 was enacted. Lilia Worrell was the Assistant Municipal Court Clerk, who was supervised by Momsen in relation to both the administrative and judicial functions of the municipal court judges. Worrell was tasked with the daily operation of the municipal courts and maintained internal records for City Manager Joyce Wilson and the municipal court judges. Some of the court records were required to be maintained by law.

During her presentation at an El Paso City Council budget hearing at which she addressed issues of municipal court case backlog and funding, Momsen included information about the municipal court judges' bench time. Upon hearing Momsen's reference to the judges' bench time, Presiding Judge Regina Arditti informed the City Council that she was unaware that records of the judges' bench time were being kept but noted that she did not object to the practice if non-bench time was also monitored and as long as the records were accurate. Thereafter, Municipal Court Judge Maria Ramirez issued a letter in which she instructed Worrell to stop recording her bench time and Worrell complied with Judge Ramirez's directive. Presiding Judge Arditti then instructed Momsen to refrain from recording bench time. Rather than acting on

2

Judge Arditti's instruction, Momsen consulted with City Manager Wilson since the collection of that data related to the courts' administration and budget. After meeting with the judges, City Manager Wilson directed staff to cease recording bench time for all municipal courts. Prior to this, Wilson had supervised the clerk on administrative matters, the Presiding Judge had supervised the clerk on judicial matters, and conflicts had been amicably resolved. However, on September 6, 2005, the Appellees *sua sponte* signed and issued this order:

> Monitoring an elected Judge's conduct intrudes into the constitutional separation of powers and is inappropriate conduct for a municipal clerk, court clerk, city employee, or any contract employee. No municipal clerk, court clerk, city employee, or city contract employee has the authority to monitor an elected Judge.
>
> Any person disobeying this ORDER shall be subject to show cause proceedings why they should not be held in Contempt.

The City filed suit alleging that Appellees' September order is void because Appellees are without authority to order a city and its employees refrain from complying with legal mandates and are also without "authority to issue an order to the Clerk and others extending beyond the appropriate direction of the Clerk to carry out her ministerial duties." Among its many contentions, the City asserted in part that the order does not relate to the jurisdiction of the courts or the performance of judicial functions, does not address "the resolution of an actual obstruction in the courtroom or the preservation of the Courts' dignity and integrity," is not essential to the fair administration of justice, is contrary to law as Appellees are without summary contempt power as threatened in the order and is contrary to the contempt power granted under Texas Government Code § 21.001, is overbroad, and constitutes a clear abuse of discretion. *See* TEX. GOV'T CODE ANN. § 21.001 (West 2004). The City argued that it is adversely impacted by the order because compliance therewith prevents the City Attorney from assigning and tracking the time of

3

the city prosecutors and municipal clerks and similarly prevents police officers from tracking the time spent in municipal courts as required for the reporting of overtime hours. Appellant also complained that the order prevents the recording of municipal court proceedings. Among the relief sought, the City requested issuance of a temporary restraining order, a temporary injunction, writs of mandamus, prohibition, and injunction preventing enforcement of the September order, and a declaration that the September order is void and a clear abuse of discretion.

Appellees filed a plea to the jurisdiction in which they alleged that the City's petition for writ of mandamus does not present a justiciable issue since it does not involve a specific pending controversy, that the City lacks standing to seek the requested relief, that any controversy for which the City seeks relief is not ripe, that the exclusive jurisdiction for seeking redress of a municipal court order lies with the El Paso Municipal Court of Appeals, and that the trial court lacked subject-matter jurisdiction. They then filed their answer as well as a counterclaim by which they sought to have Ordinance 15183 declared unconstitutional because it allegedly usurps and transfers the authority and control of the judicial branch to the executive branch in violation of the separation-of-powers provisions in the Texas Constitution and the Texas Government Code. Appellees' counterclaim also seeks "a declaratory judgment that the actions of the [City] be declared unconstitutional."[1]

After the commencement of suit, Appellees entered this order to clarify their September 6, 2005, order:

> IT IS ORDERED that the practice of recording, monitoring, or documenting any elected judge's time on the bench, or in-court session by a municipal court clerk, municipal court personnel, municipal court employee, or municipal court contract employee is improper and will not be permitted.

---

[1] In their request for relief, Appellees clarified that they sought to have Appellant's failure to establish an independent municipal clerk declared unconstitutional.

4

Recording, monitoring, or documenting for the purposes of complying with state law or for the administration of the Courts' dockets will remain in effect.

Judicial obligations are not limited to the time on the bench or in-court sessions. The monitoring of an elected judge's time inaccurately reflects the judge's duties and intrudes into the constitutional separation of powers and is inappropriate conduct for a municipal court clerk and other municipal court personnel. No municipal court clerk, municipal court employee, or municipal court contract employee has the authority to monitor an elected judge's time on the bench or in-court sessions.

The trial court did not rule on Appellees' plea to the jurisdiction. While not finding Appellees' "September" order to be void, the trial court in its final judgment did find the order to be overly broad such that it usurps the powers of the executive branch, and also found that Appellees' March order did not rescind or withdraw the September order.[2] After first noting that Appellees' March order appeared broad in scope and that it was impossible from the record to determine if the scope of the March order was overly broad, the trial court ordered Appellees to reform and re-issue their March order "in accordance with constitutional limitations." Noting that Section 30.00009 of the Texas Government Code mandates the appointment of a "clerk of the municipal courts of record" be achieved by ordinance, the trial court found the merger of the municipal court clerk and city clerk positions to be "an unconstitutional [separation-of-powers] violation of Article II[,] Section I of the Texas Constitution[.]" The trial court stayed enforcement of the judgment pending the conclusion of any appeal.

Both the City's motion to clarify the judgment, wherein it sought to have the court specify whether Ordinance 15183 is unconstitutional as applied or on its face and the City's motion for new trial were overruled by operation of law.

## DISCUSSION

*Jurisdiction and Void Order*

---

[2] These findings are also set forth in the trial court's third and fourth conclusions of law.

We first address Issue Eight, in which the City challenges the trial court's third, fourth, and fifth conclusions of law. There, the trial court declared that Appellees' September order is not void, that their March order narrowed the scope of, but did not rescind, the September order, and that the March order is broad, possibly over broad, in scope.

The trial court failed to address the City's challenge to Appellees' subject-matter jurisdiction to enter the September order. Whether a court has subject-matter jurisdiction is a question of law which we review *de novo* and, in this instance, we conduct such review on our own motion. *Tex. Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004).

Subject-matter jurisdiction is essential to a court's authority to decide a case, cannot be waived, and may be raised for the first time on appeal. *Waco I.S.D. v. Gibson*, 22 S.W.3d 849, 851 (Tex. 2000). Subject-matter jurisdiction is never presumed. *Carroll v. Carroll*, 304 S.W.3d 366, 367 (Tex. 2010).

Before addressing the merits of a case, "the court must have jurisdiction over the party or the property subject to the suit, jurisdiction over the subject matter, jurisdiction to enter the particular judgment, and capacity to act as a court." *State Bar of Texas v. Gomez*, 891 S.W.2d 243, 245 (Tex. 1994), *citing Austin I.S.D. v. Sierra Club*, 495 S.W.2d 878, 881 (Tex. 1973). For subject-matter jurisdiction to exist, it is necessary "that the party bringing the suit have standing, that there be a live controversy between the parties, and that the case be justiciable." *State Bar of Texas*, 891 S.W.2d at 245, *citing Texas Ass'n of Business v. Texas Air Control Bd*, 852 S.W.2d 440, 443-46 (Tex. 1993). "'To constitute a justiciable controversy, there must exist a real and substantial controversy involving genuine conflict of tangible interests and not merely a theoretical dispute.'" *Bonham State Bank v. Beadle*, 907 S.W.2d 465, 467 (Tex. 1995), *quoting*

6

*Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1 v. Medina Lake Protection Ass'n*, 640 S.W.2d 778, 779-80 (Tex.App. – San Antonio 1982, writ ref'd n.r.e.); *Boerschig v. Southwestern Holdings, Inc.*, 322 S.W.3d 752, 762-63 (Tex.App. – El Paso 2010, no pet.). When the nature of the case falls within the general category of cases that the court is empowered to adjudicate pursuant to applicable statutory and constitutional provisions, subject-matter jurisdiction exists. *Cervantes v. Tyson Foods, Inc.,* 130 S.W.3d 152, 156 (Tex.App. – El Paso 2003, pet. denied).

Texas courts have power only over litigants with justiciable interests. *Morrow v. Corbin*, 122 Tex. 553, 62 S.W.2d 641, 647 (1933); *Hanna v. Godwin*, 876 S.W.2d 454, 457 (Tex.App. – El Paso 1994, no writ). Appellees *sua sponte* issued an order threatening contempt of court against the City's employees and contract employees if their order was not obeyed, but there is no evidence in the record to show that any Appellee had before him or her any party having standing to bring suit, a live controversy existing between parties, and a case that was justiciable. *State Bar of Texas*, 891 S.W.2d at 245. The statutory provisions establishing the jurisdictional parameters of municipal courts of record are not shown to have been invoked by the facts of this case. [3] Because Appellees' order did not arise from a real and substantial controversy involving a genuine conflict of tangible interests, no justiciable issue was before them which would confer upon any of them the jurisdiction to issue such an order. *See Bonham State Bank*, 907 S.W.2d at 467, *quoting Bexar-Medina-Atascosa Counties Water Control & Improvement Dist. No. 1*, 640 S.W.2d at 779-80; *Boerschig*, 322 S.W.3d at 762-63. We therefore find that Appellees' September and March orders are void for lack of subject-matter jurisdiction. Issue Eight is sustained.

---

[3]  The jurisdiction of municipal courts of record is set forth statutorily in the Texas Government Code and the Texas Code of Criminal Procedure. TEX. GOV'T CODE ANN. §§ 29.003, 30.00005 (West Supp. 2012); TEX. CODE CRIM. PROC. ANN. art. 4.01(10) (West 2005), art. 4.14 (West Supp. 2012).

*Separation of Powers and Municipalities*

Because the City appeals from a non-jury trial, it presents its challenges to the trial court's specific findings of fact and conclusions of law. *See Boerschig*, 322 S.W.3d at 764. In its fourth finding of fact, the trial court determined that Appellees, as members of the judicial branch of government, have inherent duties set forth in the Texas Constitution and the Texas Government Code. In its twenty-sixth finding of fact, the trial court found that the City's acts had "encroached and usurped the powers not belonging to it." In its first conclusion of law, the trial court recognized that Article II, Section 1 of the Texas Constitution provides for the separation of powers, and in its second conclusion, determined that the City, in exercising "its constitutional executive powers and statutory authority, is entitled to exercise those essential powers necessary to the establishment, operation and efficiency of municipal judiciary – the power of the purse."

In Issue Four, the City challenges each of these findings and conclusions which are related to Appellees' counterclaim that, as members of the judiciary, Appellees have inherent powers and duties as set forth in the Texas Constitution and the Texas Government Code which provide for the separation of powers between the judiciary and other branches of government and which mandate independence in judicial functions. In the trial court, Appellees asserted that Ordinance 15183 usurps the authority and control of the judicial branch, gives it to the executive branch, and creates a conflict in violation of the Texas Constitution and the Texas Government Code. As requested by Appellees, the trial court declared the ordinance's merger of the municipal court clerk and city clerk positions into a single municipal clerk position to be an unconstitutional violation of the separation-of-powers provisions of the Texas Constitution.

The Texas Supreme Court has held that a court's inherent judicial powers, which "[spring]

8

from the doctrine of separation of powers between the three governmental branches," exists to enable a court to effectively perform its judicial functions and to protect its independence, integrity, and dignity. *Eichelberger v. Eichelberger*, 582 S.W.2d 395, 399 (Tex. 1979). However, the Texas Supreme Court has also recognized that the Texas Constitution "only guarantees the separation of the state legislative, executive, and judicial branches of government." TEX. CONST. art. II, § 1; *City of Fort Worth v. Zimlich*, 29 S.W.3d 62, 72 (Tex. 2000); *A.H.D. Houston, Inc. v. City of Houston*, 316 S.W.3d 212, 222 (Tex.App. — Houston [14th Dist.] 2010, no pet.) (Texas Constitution's separation-of-powers provision does not apply to local governments and, accordingly, no separation-of-powers issue existed with regard to ordinance). Consequently, because the Texas Constitution does not guarantee the separation of the local legislative, executive, and judicial branches of government, the merger of positions under Ordinance 15183 cannot be unconstitutional.

Moreover, while a court has inherent powers upon which it may call to aid in the exercise of its jurisdiction, in the administration of justice, and in the preservation of its independence and integrity, which include utilizing broad discretion over the conduct of its proceedings, controlling its judgments, summoning and compelling the attendance of witnesses, regulating the admission and practice of law, and providing personnel to aid in the exercise of its judicial functions, we do not find that Appellees' orders are within the confines of such inherent powers. *See Eichelberger*, 582 S.W.2d at 398, 399 n.1 (and cases cited therein); *State v. Johnson*, 821 S.W.2d 609, 612 (Tex.Crim.App. 1991); *In re D.S.*, 333 S.W.3d 379, 388 (Tex.App. – Amarillo 2011, no pet.); *In re State*, 162 S.W.3d 672, 677 (Tex.App. – El Paso 2005, orig. proceeding).

We sustain Issue Four. Having sustained the City's Fourth and Eighth Issues, we need not

9

address the City's remaining issues.

## CONCLUSION

We reverse the judgment of the trial court and render the judgment the trial court should have rendered. TEX. R. APP. P. 43.2(c). Appellees' September and March orders are void for want of subject-matter jurisdiction and, because the Texas Constitution's separation-of-powers doctrine does not apply to local governments, Ordinance 15183 is not unconstitutional. TEX. CONST. art. II, § 1; *Zimlich*, 29 S.W.3d at 72; *A.H.D. Houston, Inc.*, 316 S.W.3d at 222.


GUADALUPE RIVERA, Justice

August 31, 2012

Before McClure, C.J., Rivera, J., and Gomez, Judge
Gomez, Judge, sitting by assignment

10