

# IN THE
## TENTH COURT OF APPEALS

### No. 10-12-00301-CV

GHASSAN E. NADDOUR AND
SUZANNE NADDOUR,

                                        Appellants

 v.

ONEWEST BANK, FSB,

                                        Appellee

**From the 40th District Court
Ellis County, Texas
Trial Court No. 81842**

## MEMORANDUM OPINION

In 2007, Ghassan E. Naddour and Suzanne Naddour, now residents of California, signed a promissory note secured by a deed of trust as to residential property in Midlothian, Texas. In 2010, the Naddours stopped paying on the promissory note. At about the same time, the note and deed of trust were assigned to Onewest Bank, FSB. A few months later, a release of lien was executed, not by Onewest, and filed in the public records of Ellis County, Texas. Onewest then sought

declaratory relief as to the status of the lien. The trial court granted Onewest's motion

for summary judgment, and the Naddours appealed. Because the trial court had

jurisdiction to rule on the motion for summary judgment, the Naddours failed to

preserve an issue for appellate review, and the trial court did not allow testimony at the

summary judgment hearing, the trial court's judgment is affirmed.

**JURISDICTION**

In their first issue, the Naddours ask several questions:

> Did the court violate the Texas Constitution, Article 5 Section 15? Are all courts of the state of Texas, to proceed as courts of record when decreed so by one the people of the state of Texas? Whether Bob Carroll exceeded his jurisdiction in this court of record by acting as if it was equity proceeding and not a proceeding in common law.

In the body of their brief, the Naddours dedicated two subsections labeled "A. Court of

Record" and "B. The Courts Inherent Powers" to this issue. It is difficult to determine

what this multifarious issue is complaining about and what relief the Naddours are

requesting. It appears the Naddours are questioning the jurisdiction of the trial court to

rule in the case. To the extent there is any other argument imbedded in this issue, it is

waived. *See* TEX. R. APP. P. 38.1(i).

The existence of subject matter jurisdiction is a question of law. *State Dept. of

Highways and Public Transp. v. Gonzalez*, 82 S.W.3d 322, 327 (Tex. 2002). When the nature

of the case falls within the general category of cases that the court is empowered to

adjudicate pursuant to applicable statutory and constitutional provisions, subject matter

jurisdiction exists. *City of El Paso v. Arditti*, 378 S.W.3d 661, 665 (Tex. App.—El Paso 2012, no pet.).

The Naddours appear to be confused about the type of court in which Onewest's summary judgment was heard because they question whether the trial court violated article V, section 15 of the Texas Constitution. That section, however, concerns county courts and county judges. The court in which Onewest filed its petition and its motion for summary judgment was the 40th District Court located in Ellis County. TEX. GOV'T CODE ANN. § 24.142 (West 2004). A constitutional delegation of general power to the district courts is found in article V, section 8, of the Texas Constitution; and a statutory grant of power to such courts is found in section 24.008 of the Texas Government Code, assigning to the district courts a general power to "hear and determine any cause that is cognizable by courts of law or equity and [to] grant any relief that could be granted by either courts of law or equity." TEX. GOV'T CODE ANN. § 24.008 (West 2004). *See Sierra Club v. Texas Natural Resource Conservation Com'n*, 26 S.W.3d 684, 687 (Tex. App.—Austin 2000), *aff'd on other grounds*, 70 S.W.3d 809 (Tex. 2002). Further, a district court has original jurisdiction of civil matters in which the amount in controversy is more than $500, exclusive of interest. TEX. GOV'T CODE ANN. § 24.007(b) (West 2004).

Onewest filed a petition seeking a declaratory judgment that the promissory note, executed by the Naddours and secured by a deed of trust, creates a valid lien against the property and that the lien has not been released or extinguished. The

amount of the promissory note is over $200,000, thus exceeding the minimum amount in controversy over which a district court would have jurisdiction.

The Uniform Declaratory Judgment Act provides that a court of record within its jurisdiction has the power to declare rights, status, and other legal relations whether or not further relief is or could be claimed. TEX. CIV. PRAC. & REM. CODE § 37.003 (West 2008). Although the UDJA does not create or enlarge a trial court's subject matter jurisdiction, a declaratory judgment action will lie within the subject-matter jurisdiction of the district courts when there is (1) a justiciable controversy as to the rights and status of parties actually before the court for adjudication; and (2) that will be actually resolved by the declaration sought. *Brooks v. Northglen Ass'n*, 141 S.W.3d 158, 163-64 (Tex. 2004); *Tex. Logos, L.P. v. Tex. DOT*, 241 S.W.3d 105, 114 (Tex. App.—Austin 2007, no pet.).

Here, there is a real controversy between the Naddours and Onewest as to whether or not Onewest could collect on the promissory note by foreclosing on the Naddours' property. Generally, to collect on a promissory note, a plaintiff must establish: (1) the existence of the note in question, (2) the defendant signed the note, (3) the plaintiff is the owner and holder of the note, and (4) a certain balance is due and owing on the note. *Cadle Co. v. Regency Homes, Inc.*, 21 S.W.3d 670, 674 (Tex. App.—Austin 2000, pet. denied). Because the question of whether a balance on the note was due and owing was an essential element of Onewest's right to collect, whether by

private or judicial foreclosure or otherwise, this controversy would be resolved by a determination that the lien has not been released or extinguished. *See, e.g., Wells Fargo Bank, N.A. v. Ballestas*, 355 S.W.3d 187, 191-192 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Thus, the trial court had jurisdiction to act in the proceeding below, and the Naddours' first issue is overruled.

**AFFIDAVIT**

The Naddours next complain that the trial court erred in granting summary judgment in favor of Onewest because the evidence submitted by Onewest was in the form of an affidavit which, the Naddours argue, was not based on the personal knowledge of the affiant. At first blush, it appears that the Naddours argue that the trial court erred in granting summary judgment when Onewest did not address the Naddours' cross-petition in its motion for summary judgment. However, when analyzing the Naddours' argument, we find that they more narrowly argued the trial court erred because the only evidence supporting Onewest's motion for summary judgment was an affidavit that was not based on personal knowledge and was insufficient. That is the argument we will address.

Rule 166a(f) provides that affidavits in support of or in opposition to a motion for summary judgment shall be made on personal knowledge. TEX R. CIV. P. 166a(f); *see In re DuPont de Nemours & Co.*, 136 S.W.3d 218, 224 (Tex. 2004) ("For an affidavit to have

probative value, an affiant must swear that the facts presented in the affidavit reflect his personal knowledge."). The Naddours complained about this alleged deficiency in their response to Onewest's motion for summary judgment. However, in the summary judgment context, a nonmovant must obtain a ruling on an objection to the form of a motion or supporting evidence to preserve the issue for appellate review.[1] *See* TEX. R. APP. P. 33.1(a)(2); *McFarland v. Citibank, N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Allen v. Albin*, 97 S.W.3d 655, 662-63 (Tex. App.—Waco 2002, no pet.). The Naddours did not secure a ruling on their objection. Thus, this issue is not preserved for our review and is overruled.

## SUMMARY JUDGMENT HEARING

Last, the Naddours argue that the trial court abused its discretion in allowing Onewest's counsel to testify and present argument at the summary judgment hearing, relying on O'CONNOR'S TEXAS RULES * CIVIL TRIALS 563 (2011) and *In re Am. Media Consol.*, 121 S.W.3d 70, 74 (Tex. App.—San Antonio 2003, orig. proceeding) for this

---

[1] We acknowledge that the Naddours argue there is a split in authority as to whether an objection is needed at trial to later complain on appeal that an affidavit was not based on personal knowledge. *See Dailey v. Albertson's, Inc.*, 83 S.W.3d 222, 226 (Tex. App.—El Paso 2002, no pet.). However, this court and the majority of the courts of appeals in Texas have held that the lack of personal knowledge is a defect as to form to which a party must object in the trial court. *See, e.g., Wolfe v. Devon Energy Prod. Co.*, 382 S.W.3d 434, 452 (Tex. App.—Waco 2012, pet. filed); *McFarland v. Citibank (S.D.), N.A.*, 293 S.W.3d 759, 762 (Tex. App.—Waco 2009, no pet.); *Choctaw Props., L.L.C. v. Aledo Indep. Sch. Dist.*, 127 S.W.3d 235, 241 (Tex. App.—Waco 2003, no pet.). *See also Washington DC Party Shuttle, LLC v. IGuide Tours, LLC*, 406 S.W.3d 723, 735 (Tex. App.—Houston [14th Dist.] 2013, no pet.). We see no need to change our position at this juncture.

argument. Those authorities, however, stand for the proposition that a hearing is not mandatory.

> The rule on summary judgments provides in part:

> Except on leave of court, with notice to opposing counsel, the motion and any supporting affidavits shall be filed and served at least twenty-one days before the time specified for hearing. Except on leave of court, the adverse party, not later than seven days prior to the day of hearing may file and serve opposing affidavits or other written response. No oral testimony shall be received at the hearing.

TEX. R. CIV. P. 166a(c). The rule specifically contemplates the ability to participate in a hearing, if one is held in open court, on a motion for summary judgment, although participation may be limited to the motion and other documents filed in conjunction with a hearing. The only prohibition is that no oral testimony may be received at that hearing. *Id*. *See Jack B. Anglin Co. v. Tipps*, 842 S.W.2d 266, 269 n. 4 (Tex. 1992). Testimony is defined as "[e]vidence that a competent witness under oath or affirmation gives at trial or in an affidavit or deposition." BLACK'S LAW DICTIONARY 1514 (8th ed. 2004). No oral testimony was received at the summary judgment hearing. Only arguments of counsel for Onewest and Ghassan Naddour were presented which are not prohibited by the rule. Accordingly, the trial court did not abuse its discretion in allowing oral argument at the hearing on the motion for summary judgment. The Naddours' third issue is overruled.

**CONCLUSION**

Having overruled the Naddours' issues on appeal, we affirm the trial court's judgment.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Scoggins
Affirmed
Opinion delivered and filed December 5, 2013
[CV06]